MAY, STERN & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39861. Promulgated July 15, 1930.

*Louis Caplan, Esq.*, and *A. G. Wallerstedt, C. P. A.*, for the petitioner.

*W. Frank Gibbs, Esq.*, for the respondent.

242

OPINION.

MURDOCK: The question for decision here is whether freight and drayage charges on incoming merchandise should be deducted as an expense of the year in which paid, as the petitioner contends, or added to the cost of the merchandise purchased during the year and reflected in the cost of goods sold, as the respondent contends. But for the fact that this petitioner is returning income from installment sales on the installment sales basis, as provided by section 212(d), made retroactive by section 1208 of the Revenue Act of 1926, it is immaterial which of the two methods is followed, for the results must necessarily be the same whichever is used. But under the installment sales method of returning income, a taxpayer returns as income only that proportion of the installment payments actually received within the year "which the total profit realized or to be realized when payment is completed, bears to the total contract price." The effect of this provision of the statute is to spread the income from installment sales, as well as the costs of such sales, over the accounting periods in which installment payments relating to such sales will be received. Herein lies the difference between the two methods contended for by the parties. Under the petitioner's method, the entire amounts expended in the taxable years for freight and drayage, would be deducted, in entirety, as expenses of those years; while under the respondent's method, only a portion of the expenditures for those items are deducted in the taxable years.

The great weight of the accounting authorities supports the position of the respondent. There is a practical unanimity of opinion among them that freight and drayage charges on incoming merchandise are a part of the direct costs, and should be added to the invoice prices of the merchandise. See Esquerre on Applied Theory of Accounts, p. 167; Finney on Principles of Accounting, ch. 28, p. 7; Jordan and Harris on Cost Accounting, p. 128; Kester on Accounting Theory and Practice, vol. 2, p. 230; Kohler and Pettengill on Principles of Auditing, p. 76; Montgomery on Auditing Theory and Practice, vol. 1, p. 164; Nicholson and Rohrbach on Cost Accounting, vol. 1, p. 91; Saliers in Accountants Handbook, p. 378. Section 205 of the Revenue Act of 1924 provides that whenever, in the opinion of the Commissioner, the use of inventories is necessary

in order clearly to determine income, they shall be taken upon such basis as the Commissioner may prescribe as conforming most nearly to the best accounting practice and as most clearly reflecting income. In accordance with this section, he promulgated article 1613 of Regulations 65, which provided that transportation or other necessary charges incurred in acquiring possession of goods should be added to the invoice prices to ascertain cost. His regulations have consistently so provided. See article 1583, Regulations 45; article 1583, Regulations 62; article 1613, Regulations 69. Both the petitioner and the Commissioner here use inventories in the computation of net income.

Notwithstanding the uniformly consistent practice of the taxpayer over a long period of years, it must give way in favor of the respondent's method, because in our opinion the latter method more clearly reflects the net income on the installment sales basis. The statutory requirement that a taxpayer, computing its net income on such basis, shall return as income " that proportion of the installment payments actually received * * * which the total profit realized or to be realized when the payment is completed, bears to the total contract price " is not complied with when there is a substitution in the ratio of an amount representing other than " the total profit." The latter represents the excess of " the contract price " over the cost of the goods sold, and cost must include all expenditures directly related to acquiring possession and placing the goods ready for sale.

The petitioner has not challenged the amount of the respondent's adjustment of cost of goods sold, and there is no evidence in the record of error in the amount of that adjustment.

*Judgment will be entered for the respondent.*